Naira GHAZARYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71508.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2006.

Filed March 1, 2006.

Amy Longo, Esq., Beth Cheeseman, Esq., O'Melveny & Myers, LLP, Newport Beach, CA, Melanie Jo Triebel, Esq., Sidley Austin, LLP, Chicago, IL, for Petitioner.

Naira Ghazaryan, Law Offices of Asbet A. Issakhanian, Glendale, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Carol Federighi, Esq., Jennifer Levings, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM *

Naira Ghazaryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") adoption and affirmance of an immigration judge's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("IJ") denial of her application for asylum and withholding of removal. We review the agency's legal interpretations de novo, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), and its factual findings for substantial evidence, *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). We deny the petition for review.

Substantial evidence supports the BIA's determination that Ghazaryan assisted or otherwise participated in the persecution of a political prisoner. In her asylum interview, Ghazaryan stated that she escorted a political prisoner to the isolator in the fall of 1999, and that the prisoner was beaten there, needing three days to recover. Although Ghazaryan later testified that the incident did not take place on her shift, the agency was entitled to rely on the statements Ghazaryan made under oath at the asylum interview. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (quotation marks and citation omitted)); *cf. Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001) (holding that "[t]he IJ must consider evidence contained in [an] application for asylum"). The burden of proof therefore shifted to Ghazaryan to show by a preponderance of the evidence that persecution on account of a protected ground did not occur. *See* 8 C.F.R. §§ 208.13(c)(2)(ii); 208.16(d)(2).

Ghazaryan contends that she was "not a meaningful member" of the prison staff and that she was not actively and personally involved in the persecution at issue. The rule that exempts "mere membership" in an organization from the persecutor bar concerns the paradigm case of Nazi party membership. *See Vukmirovic v. Ashcroft,* 362 F.3d 1247, 1252 (9th Cir.2004) (citing *Laipenieks v. INS,* 750 F.2d 1427, 1431–32

(9th Cir.1985)). Ghazaryan was not a mere member of the persecuting group in this case. She was a prison guard personally involved in escorting inmates, including the political prisoner, to the isolator.

Moreover, Ghazaryan's acts were more than peripheral to the persecution. She performed a necessary role in facilitating persecution by escorting a political prisoner to the isolator where the prisoner was beaten. *See Fedorenko v. United States,* 449 U.S. 490, 512 n. 34, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981) ("focusing on whether particular conduct can be considered assisting in the *persecution* of civilians"). Although escorting prisoners to the isolator was a job duty, Ghazaryan was under no compulsion to continue her employment as a prison guard. The abuse she *later* suffered was in response to her complaints. Substantial evidence therefore supports the conclusion that Ghazaryan's "individual accountability [was] established" by her personal involvement and active assistance in the persecution. *See Vukmirovic,* 362 F.3d at 1252.

Ghazaryan argues that there is no evidence that she knew in advance that the political prisoner was going to be beaten, referring to non-persecutory uses of the isolator. This argument does not compel reversal of the agency's decision. The political prisoner's beating took place in the fall of 1999. By this time, according to Ghazaryan, she knew the isolator was used for beatings. She noticed "on many occasions" that prisoners emerging from the isolator had been beaten. Ghazaryan's escorting a woman she knew was a political prisoner to the isolator therefore took place at a time when she was aware of a high probability that the prisoner would be beaten. There is no record evidence indicating that the prisoner was being taken to the isolator for any other reason.

Ghazaryan also contends that the political prisoner's beating was not on account of her political opinion. Organized punishment for failure to follow prison rules was a consequence and component of the inmate's imprisonment. The beating occurred on account of a protected ground because, absent the prisoner's political beliefs, she would not have been subject to imprisonment and its attendant discipline. Substantial evidence therefore supports the agency's determination that Ghazaryan assisted or otherwise participated in "at least one instance" of persecution on account of a protected ground. *See Laipenieks,* 750 F.2d at 1437.

Finally, although we need not decide whether redemptive acts could affect the application of the persecutor bars in 8 U.S.C. §§ 1101(a)(42), 1158(b)(2)(A)(i), and 1231(b)(3)(B)(i), we conclude that Ghazaryan's case does not satisfy such an exception if it does exist.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.